UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHERRAINE FELDER,**

    **Plaintiff,**
vs.

**CHARLES SCHWAB & CO. INC.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHERRAINE FELDER, hereinafter referred to as "PLAINTIFF" by and through her undersigned attorneys, hereby sues the Defendant, CHARLES SCHWAB & CO. INC. hereafter referred to as "DEFENDANT" and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Orlando Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

**PARTIES**

3. Plaintiff is a resident of Orange County, Florida.

4. Defendant is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Orange County.

1

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Plaintiff began her employment on or about January 7, 2019, as an Alternative Investment Senior Specialist.

10. A human resources recruiter of Defendant, Brad Hettinger, solicited Plaintiff through Linkedin while she was employed at her then current employer Bank of New York Mellon ("BNYM").

11. Plaintiff was Defendant's only non-white AI Senior Specialist and one of only two women.

12. In March 2019, Plaintiff was administered a verbal write up, while two of Plaintiff's peers had engaged in more significant conduct but were not disciplined in any manner.

13. After the disparate treatment continued in April, Plaintiff reported her concerns to her manager's boss.

14. In July 2019, Plaintiff expressed concerns about discrimination and retaliation with human resources.

15. Shortly thereafter Plaintiff received another write up from her manager for alleged "NPI" incidents dating as far back as May.

16. In August 2019, Plaintiff met with a representative of human resources regarding her concerns.

17. Plaintiff was also sharing her concerns with her mentor who was the President of "BPACS" (Black People at Charles Schwab).

18. Plaintiff earned a raise and bonus for her performance in 2019.

19. Plaintiff also received a performance review indicating she was meeting the company's expectations.

20. On July 30, 2020, Plaintiff began an approved Family Medical Leave of Absence.

21. On October 9, 2020, Plaintiff returned from her FMLA leave and was immediately terminated for a purported and unspecified "NPI" incident.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION AND HARASSMENT

22. Plaintiff realleges paragraphs one (1) through twenty-one (21) as though set forth fully herein.

23. Plaintiff is African American.

24. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff and created a hostile work environment on account of her race in violation of 42 U.S.C. § 1981, for which Defendant is liable.

25. Defendant knew or should have known of the discrimination.

26. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotion pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

## COUNT II
## 42 U.S.C. § 1981 RETALIATION

27. Plaintiff realleges paragraphs one (1) through twenty-one (21) as though set forth fully herein.

28. By the conduct described above, Defendant engaged in unlawful employment practices and retaliated against Plaintiff for opposing the unlawful discrimination in violation of 42 U.S.C. § 1981, for which Defendant is liable.

29. Defendant knew or should have known of the retaliation.

30. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotion pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

## COUNT III
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

31. Plaintiff realleges paragraphs one (1) through twenty-one (21) as though set forth fully herein.

32. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

33. Defendant's actions constitute violations of the FMLA.

34. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a.    Back pay and benefits;

    b.    Interest;

    c.    Liquidated damages;

    d.    Attorney's fees and costs;

    e.    Equitable relief;

    f.    Such other relief as is permitted by law.

## COUNT IV
## (FMLA DISCRIMINATION/RETALIATION)

35. Plaintiff realleges paragraphs one (1) through twenty-one (21) as though set forth

fully herein.

36. Defendant retaliated against Plaintiff for asserting her FMLA rights.

37. Defendant's actions constitute violations of the FMLA.

38. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 17th day of December 2020.

> FLORIN GRAY BOUZAS OWENS, LLC
>
> /s/Wolfgang M. Florin
> Wolfgang M. Florin
> Florida Bar No. 907804
> wolfgang@fgbolaw.com
> Christopher D. Gray
> Florida Bar No.: 0902004
> chris@fgbolaw.com
> 16524 Pointe Village Drive, Suite 100
> Lutz, FL 33558
> Telephone (727) 254-5255
> Facsimile (727) 483-7942
> Attorneys for Plaintiff